**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHERIE J. LOPEZ-FISHER,

        Plaintiff-Appellant,

v.

ABBOTT LABORATORIES,

        Defendant-Appellee.

No. 10-4185
(D.C. No. 2:09-CV-00633-PMW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Cherie Lopez-Fisher claims Abbott Labs fired her because of her gender, race, color, and national origin. After receiving extensive briefing and hearing oral argument in this Title VII case, a magistrate judge entered an order granting summary judgment to Abbott. *See Lopez-Fisher v. Abbott Labs.*, No. 2:09-cv-633-PMW, 2010 WL 3792031 (D. Utah Sept. 23, 2010).

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Focusing on the fourth prong of the prima facie case required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the magistrate judge held that Ms. Lopez-Fisher had failed to present evidence suggesting she was fired under circumstances giving rise to an inference of discrimination. *See Lopez-Fisher*, 2010 WL 3792031, at *5-8. Alternatively and additionally, the magistrate judge held that Ms. Lopez-Fisher's claims failed because she hadn't presented evidence showing that the reason proffered by Abbott for her termination — poor performance — was a pretext for discrimination. *Id.* at *8-9. In reaching this latter holding, the magistrate observed that where, as here, an employee is hired and fired by the same person within a relatively short time span, this circuit recognizes a strong presumption that the firing decision isn't motivated by unlawful discriminatory animus. *Id.* at *9.

We adopt the reasoning of the magistrate judge and affirm the grant of summary judgment in favor of Abbott for the reasons he articulated. We add a comment on one point. In her appellate brief, Ms. Lopez-Fisher insists that, because she "successfully passed" the Performance Improvement Plan (PIP) imposed on her, her termination a week after the PIP expired raises an inference of discrimination. The difficulty with this line of argument is that, as the magistrate judge explained, there isn't "any evidence that she 'successfully passed' the PIP." *Id.* at *8. In suggesting otherwise, Ms. Lopez-Fisher directs us to two passages in her deposition. In the first she testified that Kristen Beckman,

-2-

her second-line supervisor, told her that she "no longer had to do certain requirements in the [PIP.]" Aplt. Br. at 28. In the second, Ms. Lopez-Fisher explained that, "at the end of the 60-day [PIP] period," Krista Wall, her first-line supervisor, "informed [her] that she was off the [PIP]." *Id.* Neither statement indicates that Ms. Lopez-Fisher *successfully passed* the PIP. To the contrary, the undisputed facts reflect that Ms. Lopez-Fisher failed to accomplish specific tasks set forth in the PIP and that Ms. Beckman and Ms. Wall recommended her termination for "non-performance" at the PIP's conclusion. *See also Lopez-Fisher*, 2010 WL 3792031, at *7 ("[i]t is undisputed that Plaintiff was the only employee on her team to receive a [partially achieved] rating for 2007, that her sales performance for [the first trimester of] 2008 was the lowest on her team, and that she received a coaching and counseling letter and a PIP prior to her termination").

The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

-3-